## Nichols v. Nichols' Executor, et al.

### (Decided October 29, 1918.)

### Appeal from Warren Circuit Court.

Executors and Administrators—Executor's Sale—Validity.—Testator owned a residence on one street and a small lot, 50 by 52 feet, at the intersection of two streets, upon which were a small storehouse and a small residence separated by a three-foot alley Upon his residence there was an incumbrance of over $400 and upon the other property an incumbrance of about $225. By his will he authorized his executor, "To sell, convey and transfer the storehouse on the corner of 7th and College streets for cash to pay debts on property on 7th street: Held, in view of the fact that the lot was small, that the entire property had been purchased and mortgaged by the testator as one lot, that the sale of that portion of the lot on which the storehouse was located would not pay off the incumbrance and that he provided in his will for the sale of the storehouse merely to discharge the indebtedness on the 7th street property and not to discharge the indebtedness on the remainder of the property at the corner of 7th and College streets, that he used the words, "The storehouse on the corner of 7th and College streets," to designate the entire property at that point and that the executor was authorized to sell not only that portion of the lot on which the storehouse was located but the dwelling separated therefrom by the three-foot alley.

GEORGE H. GALLOWAY and W. O. RODES for appellant.

G. H. HERDMAN and WALTER B. GAINES for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In 1910 Spencer Nichols purchased, at master commissioner's sale, a lot of ground situated on the corner of Seventh and College streets, in Bowling Green. The lot fronted on College street for a distance of 50 feet and ran back with Seventh street for a distance of about 52 feet. On that portion of the lot next to Seventh street was a small storehouse and in the rear of the storehouse, and under the same roof, were two small rooms used as a dwelling. Next to the storehouse and separated therefrom by a three-foot alley and fronting on College street was a small dwelling house of three rooms. Prior to his death Spencer Nichols mortgaged the above property as one lot to A. Bloch, to secure a note which, at the time

of Nichols' death, amounted to about $225.00. After the death of Nichols there was a fire which injured the property to the extent of $75.00. The property was insured and the above sum was paid to Bloch, leaving a balance due him of $149.00. At the time of his death Nichols also owned and lived in a dwelling house located on Seventh street, on which there was an incumbrance of more than $400.00.

After the death of Nichols, his executor attempted to sell the property on the corner of Seventh and College streets in order to pay the testator's debts on the home place. The property was first offered at $700.00, and later at $500.00. Finally it was purchased by T. T. Gardner for the sum of $450.00, and thereupon the executor made to him a deed. The proceeds of the purchase were used to discharge the indebtedness on the testator's home place.

Some time after Mary Nichols, the wife of the testator, and a beneficiary under his will, brought this suit against Gardner to set aside the conveyance and recover the property, on the ground that the executor had no authority to sell the house and lot adjoining the storehouse lot. On final hearing the chancellor adjudged that the will authorized the sale and dismissed the petition. Plaintiff appeals.

The material portions of the will in question are as follows:

"First. I will and bequeath to my wife, Mary Nichols, all of my estate of whatever name, title or description, real, personal or mixed, during her natural life, after my just debts have been paid.

"Second. I hereby direct that at the death of the said Mary Nichols, my two nephews, Tom Forster and Walter Williams, shall come into possession of my estate, except $25.00, in letters and figures, which I direct to go to Autry Clark, as his part.

"Third. I do hereby constitute and appoint Rev. James Blewett to be the executor of this, my last will and testament, and I do hereby empower my said executor to sell, convey and transfer the storehouse on the corner of Seventh and College streets for cash to pay debts on property on Seventh street."

It will be observed that the will merely authorized the executor "to sell, convey and transfer the store-

house on the corner of Seventh and College streets for cash to pay debts on property on Seventh street." The question is, did the testator intend to authorize the sale of only that portion of the lot on which the storehouse was located, or did he mean to include the small dwelling separated from the storehouse by the three-foot alley?

The following circumstances throw considerable light on the testator's intention. Though the storehouse and the adjoining dwelling house are separated by a three-foot alley, they are both located upon a small lot 50 by 52 feet, and each house is a small one. When the property was purchased by the testator it was not described as two separate lots but was conveyed as one lot. When the testator came to mortgage the property he described it in the same way. When he came to make his will the only two pieces of property that he referred to were his residence on Seventh street and the storehouse. He did not provide merely for the sale of that portion of the lot covered by the storehouse for the purpose of discharging the existing indebtedness on the adjoining dwelling and on the Seventh street property, but merely directed the sale of the storehouse for the purpose of discharging the indebtedness on the Seventh street property alone. Indeed, it is clear that the sale of only that portion of the lot on which the storehouse was located would not have been sufficient to discharge the indebtedness. Viewing the case, therefore, in the light of the attendant circumstances, we conclude that the testator used the words, "Storehouse on the corner of Seventh and College streets" for the purpose of designating the entire property which he owned at that place. That being true, the executor had the authority to sell and convey the entire property and plaintiff's petition was properly dismissed.

Judgment affirmed.